IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RILEY T. GUNTER,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **CITY OF OMAHA, a Political Subdivision; RAY HUTZELL, in his official and individual capacity; and JERRY MAHONEY, in his official and individual capacity;** <br><br> **Defendants.** | **8:21CV281** <br><br> **ORDER** |

  This matter comes before the Court following discovery dispute conferences held by telephone with counsel for the parties on August 9 and August 17, 2022, before the undersigned magistrate judge. At issue is whether Defendant, the City of Omaha, has waived the attorney-client privilege in three emails disclosed to Plaintiff during discovery. Counsel for the parties agreed that the Court may rule on the dispute based upon their submissions provided to the Court in advance of the conferences.

  The emails at issue were produced by the City in response to Plaintiff's first set of Requests for Production of Documents ("RFPs"). Plaintiff requested internal communications, including emails, from January 1, 2016, to the present, between Plaintiff, the defendants, and other City employees, in which Plaintiff and or his wife is mentioned or discussed. Defense counsel explained that the City and Douglas County uses a third-party entity, DotComm, to manage and maintain their computer databases. When the City or County need to obtain emails, an authorized individual must make the request to DotComm. DotComm will then capture all emails based upon subject lines and senders and provide them to the requesting party. The requesting party must then manually review DotComm's production.

  Here, in order to respond to Plaintiff's RFP, on January 11, 2022, defense counsel asked Deputy City Attorney Bernard in den Bosch to make the request to DotComm to search for the emails responsive to the Plaintiff's RFP. The following day, in den Bosch replied to defense counsel that he had requested the search from DotComm and "will weed out the non-responsive items before getting them to you." As explained by defense counsel, she mistakenly understood this response to mean in den Bosch would exclude attorney-client materials before sending her

the emails captured by DotComm. The City then produced approximately 1,500 emails responsive to the Plaintiff's RFP on or about February 14, 2022. Amongst the emails produced were three emails dated February 19 to 21, 2019, between in den Bosch and other City employees in which in den Bosch provided his opinion and advice regarding one of Plaintiff's claims. Counsel for the parties do not dispute that these emails would otherwise be attorney-client privileged.

On March 14, 2022, Plaintiff's counsel mailed additional discovery requests to the City, including a Request for Admission that directly references the content of the February 2019 emails from in den Bosch. (Filing No. 14). In preparing the City's responses to these discovery requests, defense counsel realized that in den Bosch's emails had been disclosed to Plaintiff. In a letter dated April 21, 2022, defense counsel notified Plaintiff's counsel of the inadvertent disclosure pursuant to Fed. R. Civ. P. 26(b)(5)(B) and provided Plaintiff notice of intent to limit inadvertent disclosure under Fed. R. Evid. 502(b). Plaintiff responded by letter dated April 25, 2022, outlining Plaintiff's position that the disclosure was intentional, and that the City had waived any privilege in the emails. During a previously scheduled status conference with the Court on May 23, 2022, counsel notified the Court of their ongoing dispute over this issue; the Court directed the parties to meet and confer to attempt the resolve the dispute without Court action. The parties were unable to resolve the dispute, so the Court set the matter for hearing. In advance of the hearing, the Court received the following documents from counsel: Plaintiff's discovery dispute position statement; Defendants' discovery dispute position statement; Defense counsel's April 21, 2022, letter to Plaintiff's counsel; Plaintiff's counsel's April 25, 2022, response letter to defense counsel; defense counsel's email exchange with in den Bosch that precipitated the dispute; and the three emails at issue.[1]

Federal common law governs privilege issues where, as here, jurisdiction is based on a federal question. See Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985) ("Because the plaintiffs have sued the defendants for a violation of federal law, the federal law of privilege" applied to the issue of whether the defendants had waived attorney-client privilege); see also, Fed. R. Evid. 501. Federal Rule of Evidence 502 governs waivers of attorney-client privilege. The Rule distinguishes between intentional and inadvertent disclosures. Plaintiff primarily

---

[1] The Court has attached Plaintiff's submissions as Exhibit A and Defendants' submissions as Exhibit B and will file them under restricted access. The Court also reviewed the three disclosed emails *in camera* and will file them separately under seal as Exhibit C.

argues that the City's disclosure of the privileged emails was intentional, and the City has therefore waived any claim of privilege.

Here, the Court finds that defense counsel's production of privileged emails was inadvertent rather than intentional. Black's Law Dictionary defines "intentional" as "done with the aim of carrying out the act," and defines an "inadvertent disclosure" as "the accidental revelation of confidential information, as by sending it to a wrong e-mail address or by negligently allowing another person to overhear a conversation." *Disclosure*, Black's Law Dictionary (11th ed. 2019). Defense counsel candidly explained that she misunderstood in den Bosch's statement that he "will weed out the non-responsive items before getting them to you" to mean he would be reviewing and removing all emails from the DotComm production—including privileged items—before sending the emails to defense counsel. Instead, in den Bosch apparently meant he would remove irrelevant items that were not responsive to Plaintiff's RFP, but was not otherwise conducting a separate privilege review before providing emails to defense counsel. Defense counsel then produced the approximately 1,500 emails without anyone actually conducting a privilege review. It is clear defense counsel did not disclose these privileged emails to Plaintiff with the intention that they become part of the court record, or that defense counsel intended Plaintiff to see the emails, or that defense counsel intends to rely on the disclosed emails as evidence in this case. Instead, the privileged emails were mistakenly or inadvertently disclosed. See, e.g., *Dundon v. Kirchmeier*, No. 1:16-CV-406, 2021 WL 8531542, at *7 (D.N.D. Apr. 26, 2021) (finding disclosure was inadvertent because it "resulted from carelessness," and was "not done with a goal of the [disclosed documents] becoming part of the court record.").

Under Rule 502(b), an inadvertent disclosure does not operate as a waiver of the attorney-client privilege if the holder of the privilege took reasonable steps to prevent disclosure and the holder promptly took reasonable steps to rectify the error after learning of the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B). Here, it is a close call as to whether the City took reasonable steps to prevent disclosure, but ultimately the Court concludes it did. The City did have a process in place by which counsel typically manually reviews electronic communications captured by its third party vendor, DotComm, before producing those communications in discovery. It was simply due to an internal miscommunication between counsel that the privilege review did not occur. Plaintiff points to

3

the fact that 111 emails contained the name of defense counsel as evidence of intentional disclosure or great carelessness. However, defense counsel explained that about 105 of those emails were forwarded to defense counsel by defendant Jerry Mahoney to specifically respond to Plaintiff's RFP, and were not privileged communications. Over 1,500 emails were produced to Plaintiff in discovery, and Defendants only assert privilege in three of them. Defense counsel also acted quickly to address the error after realizing privileged emails were disclosed to Plaintiff's counsel. Defense counsel was preparing the City's responses to Plaintiff's Requests for Production due by April 13, 2022, when she realized that the disclosure had occurred. Approximately eight days later, on April 21, defense counsel authored a letter in compliance with Fed. R. Civ. P. 26(b)(5)(B) outlining that privileged communications had been inadvertently disclosed to Plaintiff's counsel, explained how she learned about the disclosure, requested Plaintiff's counsel to return and/or destroy copies of the emails, and stated the City's intent to limit the inadvertent disclosures under 502(b). "As is likely true of almost every inadvertent disclosure, counsel could have avoided the error by exercising more care." *Dundon*, No. 1:16-CV-406, 2021 WL 8531542, at *7. However, the Court finds the City's error falls within the parameters of Rule 502(b), and therefore concludes Defendants did not waive attorney-client privilege in the inadvertently disclosed emails. Within 14-days of this order, pursuant to Fed. R. Civ. P. 26(b)(5)(B), Plaintiff shall return and/or destroy any copies of the three emails presented to the Court.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

4