IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RILEY T. GUNTER, | **CASE NO:  8:21-CV-00281** |
| Plaintiff, | |
| vs. | **ORDER ON**<br>**FINAL PRETRIAL**<br>**CONFERENCE** |
| CITY OF OMAHA, et al., | |
| Defendants. | |

A final pretrial conference was held on the 4th day of December, 2023.  Appearing for the parties as counsel were:

Potso Byndon, Plaintiff's Attorney

Michelle Peters, Defendants' Attorney

(A)     Exhibits.  See attached Exhibit Lists.

**Caution**:  Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

(B)     Uncontroverted Facts.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.     This Court has jurisdiction over the parties and the subject matter of the Plaintiff's claims.

2.     The Plaintiff, Riley "Terry" Gunter, is a resident of Omaha, Nebraska and is an African American.

3.     The Defendant, City of Omaha, located in Douglas County, Nebraska, is a political subdivision within the State of Nebraska. The Defendant qualifies

1

as an "Employer" within the meaning and definition of, according to *42 U.S.C. § 2000 (e) et. seq.*, in that the Defendant City of Omaha is engaged in an industry affecting commerce and has fifteen or more employees for each working day and twenty or more calendar weeks in the year.

4. Plaintiff Riley "Terry" Gunter was employed by the City of Omaha Public Works Department from March 18, 2013, to November 14, 2019 as a Stationary Engineer.

5. On November 30, 2018, Plaintiff was injured at work while lifted a 50 lb. bag of salt.

6. Defendants granted Plaintiff FMLA leave ("Family Medical Leave Act") from June 23, 2019 to September 17, 2019,

7. On November 14, 2019, Mr. Gunter resigned from his position at the City of Omaha.

8. Plaintiff filed an NEOC charge of discrimination filed October 2019.

9. Plaintiff filed a second NEOC charge of discrimination filed November 2019.

10. Jerry Mahoney, City Maintenance Foreman was Plaintiff's direct supervisor.

11. Ray Hutzell, Papillion Creek Wastewater Facility Plant Superintendent was Mr. Mahoney's direct supervisor.

12. Plaintiff's wife passed away on February 4, 2019.

13. Plaintiff returned to work from FMLA on September 18, 2019.

14. David Sykora, Papillion Creek and Missouri River Wastewater Plants Manager created the work list assigned to Plaintiff.

15. Plaintiff was assigned the work list from September 18, 2019, to November 14, 2019.

(C)   Controverted and Unresolved Issues.   The issues remaining to be determined and unresolved matters for the court's attention are:

I.   Discrimination (TITLE VII and NFEPA)

2

Whether Defendants discriminated against Plaintiff under (TITLE VII and NFEPA) by showing:

1. The work list assigned to Plaintiff on September 18, 2019, was an adverse tangible employee action.
2. ~~The work list was a reassignment with significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.~~
3. Plaintiff 's race was a motivating factor in Defendants' assigning him the work list.
4. Plaintiff suffered an adverse tangible employment action in that he was constructively discharged due to the intolerable working conditions, by Defendants' ongoing assignment of the work list.

II. <u>Discrimination (42 U.S.C. § 1981)</u>

Whether Defendants discriminated against Plaintiff under (42 U.S.C. § 1981) by showing:

1. The work list assigned to Plaintiff on September 18, 2019, was an adverse tangible employee action.
2. The work list was a reassignment with significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.
3. Defendants would not have given Plaintiff the work list "but-for" his race.
4. Plaintiff suffered an adverse tangible employment action in that he was constructively discharged due to the intolerable working conditions, by Defendants' ongoing assignment the work list.

III. <u>Retaliation (TITLE VII and NFEPA)</u>

1. Whether Plaintiff was retaliated against when he filed complaints of Discrimination and Hostile Work Environment on October 11th, 2018, under Labor Relations Agreement (Local 251): Article 24 Non-Discrimination Section 4.
2. Whether Defendant retaliated against Plaintiff by:
   a. Denying Plaintiff's $20,000 Voluntary Life Insurance Claim.

    b. Assigning Plaintiff, the work list, which was served as an adverse tangible employee action due to its significantly different duties from Plaintiff's Stationary Engineer position.

    c. Constructively discharging Plaintiff, by Defendants' ongoing assignment of the work list, which contains significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.

3. Whether Plaintiff's complaint of discrimination and harassment was a motivating factor, in Defendants' retaliatory actions outlined in a-c, above.

IV.   <u>Retaliation (42 U.S.C. § 1981)</u>

1. Whether Plaintiff was retaliated against when he filed complaints of Discrimination and Hostile Work Environment on October 11th, 2018, under Labor Relations Agreement (Local 251) Article 24 Non-Discrimination Section 4.

2. Whether Defendant retaliated against Plaintiff by:

    a. Denying Plaintiff's $20,000 Voluntary Life Insurance Claim.

    b. Assigning Plaintiff, the unfavorable work list which served as an adverse tangible employee action due to its significantly different duties from Plaintiff's Stationary Engineer position.

    c. Constructively discharging Plaintiff, by Defendants' ongoing assignment of the work list, which contains significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.

3. Whether Plaintiff's complaints of discrimination and harassment was a "but-for factor, in Defendants' retaliatory actions outlined in a-c, above.

V.   <u>Retaliation (FMLA)</u>

1. Whether the Defendants engaged in retaliation against Plaintiff under the FMLA by showing:

    a.    Plaintiff had a serious health condition and was absent from work because of that serious health condition

4

  b. When Plaintiff returned from FMLA on September 18, 2019, he was assigned an unfavorable work list, which served as an adverse tangible employee action.

  c. The unfavorable work list was a reassignment with significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.

  d. Plaintiff suffered an adverse tangible employment action in that he was constructively discharged due to the intolerable working conditions, by Defendants' ongoing assignment of the work list.

2. Whether Plaintiff's absence from work was a motivating factor in Defendants' decision to provide him significantly different job responsibilities.

VI. <u>Constructive Discharge (TITLE VII, NFEPA, 42 U.S.C. § 1981)</u>

1. Whether Plaintiff was constructively discharged by Defendants by:

  a. Assigning Plaintiff, an unfavorable work list with significantly different responsibilities, from Plaintiff's job as a Stationary Engineer.

2. Whether a reasonable person in Plaintiff's (a Stationary Engineer) situation would find the unfavorable work list working conditions intolerable.

3. Whether Defendants could have reasonably foreseen that Plaintiff would quit as a result of the reassignment of Plaintiff's duties.

VII. <u>Equal Protection</u>

1. Whether Plaintiff's Equal Protections rights were violated by Defendants when: David Grauman, Labor Relations Director or David Sykora reclassified the exertional requirements Plaintiff's Stationary Engineer position.

2. Whether re-classifying Plaintiff's position rendered him unable perform his Stationary Engineer position.

3. Whether Plaintiff suffered harm. [1]

---

[1] Defendants' object to this issue as this is not what was previously argued in Motion for Summary Judgment and no discovery was done on this issue whatsoever.

VIII.   <u>Rescission</u>

    a. This is a question of law; therefore, the parties defer until after an order by the court on Defendants' motion for summary judgment.

IX.   <u>Good Faith and Fair Dealing</u>

    a. This is a question of law; therefore, the parties defer until after an order by the court on Defendants' motion for summary judgment.

X.   <u>Promissory Estoppel</u>

1. Whether Defendant City of Omaha promised to Plaintiff that they would provide life insurance to his wife, in open enrollment.

2. Whether Plaintiff's relied on Defendants' representations that he insured his wife, in open enrollment.

3. Whether Plaintiff justifiably expected, and reasonably relied on the fact that the life insurance contract or promise would result in a beneficiary payout, upon the death of the insured.

4. Whether injustice can only be avoided if by enforcing the promise.

XI.   <u>Damages</u>

The nature and extent of Plaintiff's damages which include but are not limited to: economic, non-economic, and punitive damages[2]

    (**D**)   Witnesses.  All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. All witnesses expected to testify by plaintiff except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

---

[2] As of November 27, 2023, Defendants' Motion for Summary Judgment has not been ruled upon as of the date of this submittal, and therefore, the nature and extent the controverted, non-controverted and damages may change.

1) Riley "Terry" Gunter,  Plaintiff (will call) (Omaha, NE)
2) Dr. Samuel Dubrow, Plaintiff's Treating Physician - Orthopedic Doctor. (will call) (Omaha, NE)
3) David Sykora, Papillion Creek and Missouri River Wastewater Plants Manager (may call) (Omaha, NE)
4) Ray Hutzell, Papillion Creek Wastewater Facility Plant Superintendent (may call) (Omaha, NE)
5) Jerry Mahoney, City Maintenance Foreman (may call) (Omaha, NE)
6) Amanda Stoffel, Former HR Specialist City of Omaha (may call) (Omaha, NE)
7) Lavonne Reineke-Wulf, Dr. Dubrow's RN (may call) (Omaha, NE)

2.  All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.    David Sykora, Papillion Creek and Missouri River Wastewater Plants Manager (will call) (Omaha, NE)
2.    Ray Hutzell, Papillion Creek Wastewater Facility Plant Superintendent (will call) (Omaha, NE)
3.    Jerry Mahoney, City Maintenance Foreman (will call) (Omaha, NE)
4.    Tony Burkhalter, Union President, Local 251 (will call) (Omaha, NE)
5.    Zach Wagner, former HR technician (will call) (Omaha, NE)
6.    Tim Young, former HR Director (will call) (Lincoln, NE)
7.    Dr. Samuel Dubrow, Plaintiff's treating physician (may call) (Omaha, NE)
8.    David Grauman, former Labor Relations Director (may call) (Omaha, NE)
9     Michelle Ninemeyer, Plaintiff's physical therapist (may call) (Omaha, NE)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)    Expert Witnesses' Qualifications.

Experts to be called by plaintiff and their qualifications are:

1. Dr. Samuel Dubrow, Plaintiff's Treating Physician –Orthopedic doctor. See attached CV.

Experts to be called by defendant and their qualifications are:
1. None.

7

(F)    Voir Dire.  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

1.    An initial examination for qualifications, credentials, and general information should be conducted by the Court.

2.    Thereafter, counsel for each side should be given a maximum of 20 minutes each to conduct jury examination, unless counsel for either side determines a potential juror needs further examination.

(G)    Number of Jurors.  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and Defense counsel suggests that this matter be tried to a jury composed of 12 members. Plaintiff's counsel suggests that this matter be tried by a jury comprised of 6 members.

(H)    Verdict.  The parties will not stipulate to a less-than-unanimous.

**(I)**    Briefs, Instructions, and Proposed Findings.   Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

(i)    Trial briefs shall be delivered to the judge five (5) working days before the first day scheduled for trial.

(ii)    Proposed jury instructions and verdict form shall be delivered to the judge five (5) working days before the first day scheduled for trial.

(J)    Length of Trial.  Counsel estimate the length of trial will consume not less than 3 day(s), not more than 5 day(s), and probably about 4 day(s).

(K)    Trial Date.  Trial is set for January 8, 2024.

8

RILEY T. GUNTER, Plaintiff


BY:  s/Potso Byndon
       Potso Mahlangeni-Byndon #43021
       ATTORNEY AT LAW
       2016 Fowler Ave.
       Omaha, Nebraska  68110
       (402) 570-1287
       potso@byndonlaw.com

       *Attorney for Plaintiff*

CITY OF OMAHA, et al., Defendants

BY:  s/Michelle Peters
       Michelle A. Peters #20021
       City of Omaha Law Dept.
       1819 Farnam Street, #804
       Omaha, Nebraska  68183
       (402) 444-5115
       Michelle.peters@cityofomaha.org


BY THE COURT:

Michael D. Nelson
U.S. Magistrate Judge

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RILEY T. GUNTER, | ) | Case No. 8:21-CV-0281-RFR-MDN |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S** |
| v. | ) | **LIST OF EXHIBITS** |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Courtroom Deputy:

Court Reporter:

Trial Date: January 8, 2024

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| 001 | | Classification: Stationary Engineer, (3 pages) | | | | | |
| 002 | | Performance Appraisal of Riley "Terry" Gunter, (8 pages) | | R | | | |
| 003 | | Local 251 Grievance form dated 10/29/18 from Plaintiff to Union (one page) | | | | | |
| 004 | | CorVel intake form dated 12/5/2018: re: injury (2 pages) | | | | | |
| 005 | | Work List (5 pages) | | | | | |
| 006 | | Email to Plaintiff from Zach Wagner dated 10/8/19 re: follow up from phone call (1 page) | | | | | |
| 007 | | Letter from Dr. Dubrow dated 10/29/19 (1 page) | | | | | |
| 008 | | Certified Letter from David Grauman—City of Omaha Labor Relations Director to Plaintiff dated: 10/23/19 re: employment options to undertake prior to 11/15/19 (2 pages) | | | | | |

10

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| 009 | | Emails exchange from Plaintiff and Zach Wagner dated 11/12/19 re: requesting regular duties/continue light duty/fit for duty exam (2 pages) | | | | | |
| 010 | | Enrollment Confirmation for Plaintiff's Voluntary Life Insurance w/paycheck deduction start date 1/1/19: (4 pages) | | F | | | |
| 011 | | Email exchanged between Tim Young and Tony Burkhalter and David Grauman: dated 1/17/19 re: investigating Plaintiff's 10/11/2023 discrimination complaint. (1 page) | | R, H, O(1) | | | |
| 012 | | Email from Amanda Stoffel to Plaintiff dated: 2/4/19: re: confirming Plaintiff's spousal insurance (1 page) | | F | | | |
| 013 | | Email exchange between Amanda Stoffel and Tim Young; dated: 2/19/19: re: denying Plaintiff's spousal insurance (1 page) | | R, H, O(1) | | | |
| 014 | | Executed Settlement and Release Agreement dated: June 11, 2019 (2 pages) | | | | | |
| 015 | | Email exchange between David Sykora and Mandy Garrod: Re: Plaintiff's FMLA dated: 8/29/19 (1 page) | | R, H, F | | | |
| 016 | | Classification: Laborer Position (2 pages) | | R | | | |
| 017 | | Work List with date stamp (1 page) | | R, H, F, A, O(1) | | | |
| 018 | | Memorialized communication between Plaintiff and his supervisors, Ray Hutzell and Jerry Mahoney, on the day he returned for work, dated: 9/18/19 (2 pages) | | | | | |
| 019 | | Dr. Dubrow's Curriculum Viate. (7 pages). | | | | | |
| 020 | | Dr. Dubrow's Medical Records: office visit dated: 1/29/19 office visit; MRI dated 4/17/19; office visit dated 4/30/19 (13 pages) | | | | | |
| | | | | | | | |

11

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| 021 | | Functional Capacity Examination dated 5/22/19 (8 pages) | | | | | |
| 022 | | Dr. Dubrow's restrictions for Plaintiff dated 1/29/19; 4/30/19; 8/8/19. (3 pages) | | | | | |
| 023 | | Plaintiff Medical Chart: Zach Wagner contacting Dr. Dubrow's office regarding Plaintiff medical visits: dated: 10/30/19 and 11/7/19 (2 pages) | | R, H, F | | | |

Dated: November 27, 2023

RILEY "TERRY" GUNTER, Plaintiff

By  /s/Potso Byndon
    Potso Byndon, No. 43031
    Attorney at Law
    2016 Fowler Ave
    Omaha, NE 68183
    potso@byndonlaw.com
    Telephone:  402/570/1287

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| RILEY T. GUNTER, | )  Case No. 8:21-CV-0281-RFR-MDN |
| | ) |
| Plaintiff, | ) |
| | )  **DEFENDANT'S** |
| v. | )  **LIST OF EXHIBITS** |
| | ) |
| CITY OF OMAHA, et al., | ) |
| | ) |
| Defendants. | ) |

Courtroom Deputy:

Court Reporter:

Trial Date:  January 8, 2024

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 101 | Plaintiff's first report of injury re: shoulder injury (3 pages) | | | | | |
| | 102 | MedExpress report of shoulder strain dated 12/5/18 (1 page) | | | | | |
| | 103 | Letter dated 1/29/19 from Dr. Dubrow re work restrictions (1 page) | | | | | |
| | 104 | Letter dated 4/30/19 from Dr. Dubrow re: work restrictions (1 page) | | | | | |
| | 105 | Letter dated 8/8/19 from Dr. Dubrow to Work Comp partner (2 pages) | | | | | |
| | 106 | Letter from Dr. Wesley Smeal dated 9/10/19 (1 page) | | R, F, H, O[i] | | | |
| | 107 | Letter from Dr. Dubrow dated 9/26/19 re: disability rating (2 pages) | | | | | |

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 108 | Letter from Dr. Smeal 8/19/19 (1 page) | | R, F, H O[ii] | | | |
| | 109 | PT progress notes from CHI dated 3/19/19 (5 pages) Initial disclosures pgs 319-324 | | R, F, H, O[iii] | | | |
| | 110 | PT progress notes from CHI dated 4/2/19 (5 pages) Initial disclosures pgs 386-391 | | R, F, H, O[iv] | | | |
| | 111 | PT progress notes from CHI dated 4/9/19 (5 pages) Initial disclosures pgs. 365-369 | | R, H, F, O[v] | | | |
| | 112 | PT progress notes from CHI dated 4/25/19 (5 pages) Iniital disclosures pgs. 379-384 | | R, H, F, O[vi] | | | |
| | 113 | Letter to Plaintiff dated 8/16/19 from Tim Young re Accommodations, with attachment (8 pages) initial disclosures pgs. 545-552 | | R, O[vii] | | | |
| | 114 | Letter to Plaintiff from Julie Howcroft (Work Comp partner) dated 10/2/19 re: disability rating and payment (1 page) | | R | | | |
| | 115 | Email to Plaintiff from Zach Wagner dated 10/7/19 re: accommodation (1 page) | | R | | | |
| | 116 | Email to Plaintiff from Zach Wagner dated 10/8/19 re: follow up from phone call (1 page) | | | | | |
| | 117 | Email to Plaintiff from Zach Wagner dated 10/15/19 re: accommodation forms (1 page) | | R | | | |
| | 118 | Email from Plaintiff to Zach Wagner dated 10/15/19 stating "no accommodation (1 page) | | R | | | |
| | 119 | Mayor's Exec. Order on discrimination in workplace 2016 (5) pages | | | | | |
| | 120 | Emails to Plaintiff from Zach Wagner dated 11/12/19 re: fit for duty exam (2 pages) | | | | | |

14

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 121 | Copy of check in amount of $7,666.37 to Roeder Mortuary signed by Plaintiff (1 page) | | | | | |
| | 122 | April 2015 FMLA documents approved for care of spouse (6 pages) Initial disclosures 526-531 | | R,O[viii] | | | |
| | 123 | November 2016 FMLA documents approved for care of spouse (6 pages) Initial disclosures pgs. 520-525 | | R, O[ix] | | | |
| | 124 | December 2016 FMLA documents approved for cardiac rehab of Plaintiff (6 pages) Int. disc. 509-514 | | R, O[x] | | | |
| | 125 | January 2017 FMLA documents approved for Plaintiff (6 pages) Initial discl. Pgs. 503-508 | | R, O[xi] | | | |
| | 126 | May 2017 FMLA document approval (1 page) Iniitial disclosures pg. 502 | | R, O[xii] | | | |
| | 127 | November 2017 FMLA documents approved for care of spouse (6 pages) Initial discl pgs. 495-500 | | R, O[xiii] | | | |
| | 128 | May 2018 FMLA documents approved for care of spouse (6 pages) Initial disclosures pgs. 485-490 | | R, O[xiv] | | | |
| | 129 | December 2018 FMLA documents approved for care of spouse (7 pages) Initial discl pgs. 477-483 | | R, O[xv] | | | |
| | 130 | June 2019 FMLA documents approved for Plaintiff for grief (8 pages) Initial disclosures pgs. 459-468 | | | | | |
| | 131 | Emails to/from Mandy Garrod and others re: Plaintiff's leave status June -August 2019 (3 pages) Initial disclosures pgs. 456-458 | | F | | | |
| | 132 | Email from Mandy Garrod to Plaintiff dated 8/15/19 re: FMLA return to work (1 page) initial disclosures pg. 455 | | F | | | |
| | 133 | Letter to Gunter from Tim Young dated 3/8/18 re Plaintiff's complaints (2 pages) | | R | | | |

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 134 | Letter to Plaintiff dated 2/25/19 from Amanda Garrod re: life insurance (1 page) Def. Exhibit #12A MSJ | | R | | | |
| | 135 | Resignation letter/email (1 page) initial discl pg. 563 | | | | | |
| | | | | | | | |

CITY OF OMAHA, et al., Defendants


By  s/Michelle Peters
      MICHELLE PETERS, No. 20021
      Deputy City Attorney
      Attorney for Defendants
      804 Omaha/Douglas Civic Center
      1819 Farnam Street
      Omaha, NE 68183
      Michelle.peters@cityofomaha.org
      Telephone:  402/444-5115
      Fax:  402-444-5125

---

[i] Other objection R.F.E. 403. In addition to the document being not relevant to any claim or defense, this evidence will likely confuse the issues or mislead the jury. First, Dr. Smeal did not treat Plaintiff's left shoulder, which is what he injured at work on November 30, 2018. Second, Dr. Smeal provided no follow-up treatment regime, nor is he familiar with Plaintiff's shoulder injury in a doctor-patient capacity. Third, the acts that led to Plaintiff's discrimination or constructive discharge claims commenced on September 18, 2023, when Plaintiff was assigned unfavorable work duties. This document pre-dates that. Allowing this document to be admitted confuses the issues for the jury, and it is overly prejudicial to Plaintiff because Defendant pled no affirmative defense of after-acquired evidence.

[ii] See footnote above, same objections apply.

iii <u>Other objection R.F.E. 403,</u> In addition to the document being not relevant to any claim or defense, this evidence will likely confuse the issues or mislead the jury. First, Ms. Ninemire's PT treatment notes are dated March 19, 2019.  The acts that led to Plaintiff's discrimination or constructive discharge claims commenced on September 18, 2023, when Plaintiff was assigned unfavorable work duties; this document pre-dates that. This document would confuse the issues for the jurors, as Plaintiff did not allege discrimination or constructive discharge based on disability or failure to provide a reasonable accommodation. Allowing this document to be admitted confuses the issues for the jury, and it is overly prejudicial to Plaintiff because Defendant pled no affirmative defense of after-acquired evidence.

iv <u>Other objection R.F.E. 403,</u> In addition to the document being not relevant to any claim or defense, this evidence will likely confuse the issues or mislead the jury. First, Ms. Ninemire's PT treatment notes are dated April 2, 2019.  The acts that led to Plaintiff's discrimination or constructive discharge claims commenced on September 18, 2023, when Plaintiff was assigned unfavorable work duties; this document pre-dates that. This document would confuse the issues for the jurors, as Plaintiff did not allege discrimination or constructive discharge based on disability or failure to provide a reasonable accommodation. Allowing this document to be admitted confuses the issues for the jury, and it is overly prejudicial to Plaintiff because Defendant pled no affirmative defense of after-acquired evidence.

v <u>Other objection R.F.E. 403,,</u> In addition to the document being not relevant to any claim or defense, this evidence will likely confuse the issues or mislead the jury. First, Ms. Ninemire's PT treatment notes are dated April 9, 2019.  The acts that led to Plaintiff's discrimination or constructive discharge claims commenced on September 18, 2023, when Plaintiff was assigned unfavorable work duties; this document pre-dates that. This document would confuse the issues for the jurors, as Plaintiff did not allege discrimination or constructive discharge based on disability or failure to provide a reasonable accommodation. Allowing this document to be admitted confuses the issues for the jury, and it is overly prejudicial to Plaintiff because Defendant pled no affirmative defense of after-acquired evidence.

vi <u>Other objection R.F.E. 403,</u> In addition to the document being not relevant to any claim or defense, this evidence will likely confuse the issues or mislead the jury. First, Ms. Ninemire's PT treatment notes are dated April 25, 2019.  The acts that led to Plaintiff's discrimination or constructive discharge claims commenced on September 18, 2023, when Plaintiff was assigned unfavorable work duties; this document pre-dates that. This document would confuse the issues for the jurors, as Plaintiff did not allege discrimination or constructive discharge based on disability or failure to provide a reasonable accommodation. Allowing this document to be admitted confuses the issues for the jury, and it is overly prejudicial to Plaintiff because Defendant pled no affirmative defense of after-acquired evidence.

vii <u>Other objection R.F.E. 403,</u> In addition to the document being not relevant, this evidence will likely confuse the issues or mislead the jury. This document is dated August 16, 2019, which pre-dates the day, Plaintiff was assigned the unfavorable work list. Plaintiff makes no allegation that Defendants failed to provide Plaintiff with a reasonable accommodation nor did Plaintiff's plead ADA related claims. As such, any evidence related to the reasonable accommodation process would confuse the issues. Additionally, this document is overly prejudicial to Plaintiff because Defendants pled no affirmative defense of after-acquired evidence.

viii <u>Other objection R.F.E. 403,</u> In addition to the documents being not relevant, this evidence would likely confuse the issues. Plaintiff is not alleging FMLA discrimination based on Defendants' failure

to grant FMLA (*e.g.* FMLA interference claim), rather Claim I is FMLA Retaliation based on Plaintiff exercising FMLA rights from June 23, 2019, to September 17, 2019. The day of Plaintiff's return from FMLA he was assigned the work list. FMLA approval documents from 2015, 2016, 2017 and 2018 would confuse the jury on the issues to be resolved n this case.

[ix] See footnote above, same objections apply.

[x] *Id.*
[xi] *Id.*
[xii] *Id.*
[xiii] *Id.*
[xiv] *Id.*
[xv] *Id.*

18

# Samuel A. Dubrow, MD

**Medical Director, and Chief of Orthopedics, CHI Health Nebraska/Iowa**

**Chief, Division of Shoulder & Elbow Surgery Department of Orthopedics, CHI Health**

**Assistant Professor Creighton University School of Medicine**

## Employment

2013 – Present   Alegent Creighton Clinic and CHI Health
- Shoulder and Elbow Surgery
- General Orthopedic and Trauma Surgery
- Assistant Professor, Creighton University School of Medicine
  - Work directly with medical students in a clinical and academic setting. Teach the fundamentals of Orthopedic Surgery in a classroom setting as well as with direct patient interaction in the clinic and operating room. Students are instructed on how to evaluate and treat orthopedic patients. Orthopedic anatomy is taught in the surgical setting.
  - 4th year students rotate with me on a monthly basis during an orthopedic elective.
  - 3rd year students spend 2 week rotations with me during their assigned surgical rotations.
  - Mentor students interested in applying to an Orthopedic Residency and instruct and support them during the application period. Contact multiple residency programs annually and write letters of recommendation for each of our medical students during the application process.

- **Medical Director and Chief**, Department of Orthopedics, CHI Health
  2016 - present
  - Over the past 6 years I have developed an Orthopedic group to cover the needs of CHI Health. We started as a group of 5 surgeons covering only Creighton University Medical Center, We now have grown to a group of 18 Orthopedic surgeons covering 5 hospitals in the Omaha metro area, and continue to recruit more physicians.

## Education

8/2003–5/2007 (M.D) **Creighton University School of Medicine** – Omaha, Nebraska
          Doctor of Medicine
9/1998-6/2002  (B.A.) **Colby College –** Waterville, Maine
          Bachelor of Arts, Cum Laude, Major in Biology, Minor in Mathematics

## Residency Training

| | |
|---|---|
| 7/2011-7/2012 | **State University of New York at Stony Brook University Medical Center** – Stony Brook, NY |
| | Chief Administrative Resident – Orthopaedic Surgery |
| 7/2008-7/2012 | **State University of New York at Stony Brook University Medical Center** - Stony Brook, NY |
| | Resident Physician – Orthopaedic Surgery |
| 7/2007-6/2008 | **State University of New York at Stony Brook University Medical Center** - Stony Brook, NY |
| | Resident Physician- PGY1 – General Surgery/Orthopaedic Surgery |

## Fellowship

| | |
|---|---|
| 8/2012-8/2013 | **Cleveland Akron Shoulder and Elbow (CASE) Fellowship, American Shoulder and Elbow Surgeons** |
| | Cleveland Shoulder Institute - University Hospitals, Cleveland, OH and Crystal Clinic & Summa Health Systems, Akron, OH |
| | Directors: Robert Bell, MD; Reuben Gobezie, MD; Curt Noel, MD |

## Board Certifications

| | |
|---|---|
| 7/2015-present | American Board of Orthopedic Surgeons – Board Certified |

## Medical License

| | |
|---|---|
| 4/2013-present | State of Nebraska Physician License |
| 7/2014-present | State Medical Board of Iowa |

## Teaching Activities/Courses Taught

| | |
|---|---|
| 9/23/2022 | Chair, All About Orthopedics 7th Annual Conference, Creighton University School of Medicine |
| 9/17/2021 | Chair, All About Orthopedics 6th Annual Conference, Creighton University School of Medicine |
| 9/27/2019 | Rotator Cuff Tear Management in 2019 All About Orthopedics: 4th Annual Conference, Omaha, NE |
| 5/12/2018 | Total Shoulder Arthroplasty: Indications and Technique Shoulder & Elbow Fellows Meeting/Forum, Naples, FL |
| 8/4/2017 | rTSA for Rotator Cuff Arthropathy and Proximal Humerus Fractures, Arthrex National Futures Forum, Naples, FL |
| 8/4/2017 | Moderator of Panel Discussion, Innovations in Labral Repair, Arthrex National Futures Forum, Naples, FL |
| 4/8/2017 | Moderator, Complex and Revision Shoulder Arthroplasty, Arthrex Arthroplasty Orthopaedic Technology & Innovation Forum, Naples, FL |
| 4/9/2016 | Instructor, Phoenix Shoulder Arthroplasty Forum, Pre-op Planning, Exposure Pearls, RTSA Indications, Complex Scenarios, Phoenix, AZ |

| | |
|---|---|
| 4/7/2016 | rTSA: Not Just For Rotator Cuff Arthropathy, National Futures Forum, Naples, FL |
| 2/19/2016 - 2/21/2016 | Associate Master Instructor, AANA 503 Mission Possible for Today's Shoulder Surgeon: A New Standard for a New Century, OLC Education & Conference Center, Rosemont, Illinois |
| 6/13/2015 | Arthroscopic Superior Capsular Reconstruction, Omaha Shoulder Roadshow, Omaha, NE |
| 10/24/2014 | Program Co-Chair, All About Orthopaedics XIII, CHI/Alegent Creighton Health, Scott Conference Center, Omaha, NE |
| 5/11/2013 | The Latarjet Procedure: Cadaveric Demonstration, Department of Orthopaedic Surgery, Crystal Clinic and Summa Health System, The Austen Bioinnovation Institute in Akron, Akron, OH |
| 10/3/2012 | Shoulder Pain: Evaluation and Treatment Options, Academic Lecture Series, Department of Family Medicine, University Hospitals – Case Western Reserve Medical Center, Cleveland, OH |
| 5/11/2012 | Shoulder Anatomy Cadaveric Demonstration, 2nd Annual Sports Medicine Update: Controversies in Sports Medicine, Continuing Medical Education Conference, State University of New York at Stony Brook |
| 3/21/2012 | Smith & Nephew Taylor Spatial Frame Application for Correction of Limb Deformities, Lab Instructor on Techniques of Spatial Frame Application and Deformity Correction Using Computer Software |
| 3/14/2012 | Humeral and Clavicle Intramedullary Nail Fixation, Sonoma Orthopedic Products, Inc., Cadaveric Demonstration |
| 2/22/2012 | Surgical Approaches to the Shoulder and Elbow for Fixation of Fractures of the Proximal, Midshaft and Distal Humerus, Stryker Trauma, Cadaveric Demonstration |
| 1/18/2012 | Deltopectoral Approach and Total Shoulder Arthroplasty using Zimmer Anatomic Shoulder System on a Cadaveric Model, Demonstration for Orthopedic Residents, Stony Brook University Medical Center, Stony Brook, NY |
| 2011 – 2012 | Instructor, Surgical Anatomy Course for Senior Medical Students, Stony Brook University School of Medicine - Stony Brook, NY |
| 2010 – 2012 | Instructor, Aspiration of Knee Using Sterile Techniques for 2nd Year Medical Students |
| 2009 – 2011 | Clinical Instructor, Physical examination of the Shoulder, Annual Orthopedics in Primary Care Medicine Conference, Winthrop University Hospital – Mineola, NY |

## Presentations

| | |
|---|---|
| 9/27/2019 | Rotator Cuff Tear Management in 2019 All About Orthopedics: 4th Annual Conference, Omaha, NE |
| 5/12/2018 | Total Shoulder Arthroplasty: Indications and Technique Shoulder & Elbow Fellows Meeting/Forum, Naples, FL |
| 8/4/2017 | rTSA for Rotator Cuff Arthropathy and Proximal Humerus Fractures, Arthrex National Futures Forum, Naples, FL |
| 4/7/2016 | rTSA: Not Just For Rotator Cuff Arthropathy, National Futures Forum, Naples, FL |

21

| 6/13/2015 | Arthroscopic Superior Capsular Reconstruction, Omaha Shoulder Roadshow, Omaha, NE |
| 12/9/2014 | Current Care for Rotator Cuff Injuries – From Therapy to Biological Augmentation to Replacement, Alegent Creighton Health Rehabilitation, CHI/Immanuel Medical Center, Omaha, NE |
| 10/24/2014 | Partnering For Orthopaedic Excellence, All About Orthopaedics Conference, Creighton University Health Sciences and Alegent Creighton Health, Scott Conference Center, Omaha, NE |
| 3/12/2014 | Tendinopathy of the Long Head of the Biceps Tendon: Histopathologic Analysis of Extra-Articular Biceps Tendon and Tenosynovium, 2014 American Academy of Orthopaedic Surgeons (AAOS) Annual Meeting, New Orleans, LA – Paper Presentation |
| 10/24/2013 | Shoulder Disorders and Current Treatment Strategies, Health Sciences Continuing Education Lecture, Immanuel Medical Center – Alegent Creighton Hospitals, Omaha, NE |
| 10/13/2013 | Tendinopathy of the Long Head of the Biceps Tendon: Histopathologic Analysis of Extra-Articular Biceps Tendon and Tenosynovium, 2013 Closed Meeting of the American Shoulder and Elbow Surgeons (ASES), Las Vegas, NV – Podium Presentation |
| 10/09/2013 | Patient Positioning in Shoulder Surgery: Risks and Anesthetic Complications, Grand Rounds, Department of Anesthesia, Creighton University Medical Center, Omaha, NE |
| 5/10/2013 | Humeral Head Resurfacing: Rationale, Indications and Technique, Instructional Lecture Series, Department of Orthopaedic Surgery, Summa Health System and Crystal Clinic, Akron, OH |
| 11/13/2012 | Pathologic Conditions of the Proximal Portion of the Long Head of the Biceps Tendon and Treatment Options, Summa Health System and Crystal Clinic Orthopaedic Residency Program, St. Thomas Hospital, Akron, OH |
| 5/11/2012 | Shoulder Anatomy Cadaveric Demonstration, 2nd Annual Sports Medicine Update: Controversies in Sports Medicine, Continuing Medical Education Conference, State University of New York at Stony Brook |
| 8/11/2011 | Surgical Management of Arthritides of the Elbow, Stony Brook University Medical Center Department of Orthopaedics Grand Rounds, Stony Brook, NY |
| 6/11/2010 | Latarjet Coracoid Transfer for Anterior Glenohumeral Instability, Stony Brook University Medical Center Department of Orthopaedics Grand Rounds, Stony Brook, NY |
| 10/16/2009 | Carpal Instability, Winthrop University Hospital Grand Rounds, Mineola, NY |
| 9/19/2008 | The Floating Knee: Ipsilateral Fractures of the Femur and Tibia, Winthrop University Hospital Grand Rounds, Mineola, NY |

## Awards

| 2011 | Best Resident Research Presentation, 17th Annual Orthopaedic Symposium, *Imaging of the Rotator Cuff Using Intravascular Ultrasound*, Stony Brook University Medical Center, Stony Brook, NY |

22

| 2004 – 2007 | A.A. and E. Yossem Scholarship, Creighton University School of Medicine |
| 2007 | Midwest Student Biomedical Research Forum Award for Outstanding Service and Dedication, Co-Director 2005 – 2007 |
| 2005 | Fourth Place, Oral Presentation, 36th Midwest Student Biomedical Research Forum, *"LRP5 gene influences on femoral bone structure and strength,"* University of Nebraska Medical Center, Omaha, NE |
| 2004 | Student Research Award Grant, "LRP5 gene influences on structure and strength in femoral trabecular and cortical bone," Creighton University School of Medicine, Osteoporosis Research Center, Omaha, NE |

## Medical Society Memberships

American Shoulder & Elbow Surgeons – Candidate Member
American Academy of Orthopaedic Surgeons (AAOS) – Active Fellow Member
Arthroscopy Association of North American America (AANA) – Associate Member

## Manuscript Reviewer

Journal of Shoulder and Elbow Surgery (Elsevier)

## Publications and Research Presentations

| 2014 | **Dubrow S**, Streit J, Muh S, Shishani Y, Gobezie R. Acromial Stress Fractures in Reverse Total Shoulder Arthroplasty: Correlation with Acromiohumeral Distance and Acromioclavicular Osteoarthritis. *Orthopedics*. 2014;37(12):e1074-e1079 |
| 2014 | **Dubrow S**, Shishani Y, Muh S, Streit J, Rodgers M, Gobezie R. Tendinopathy of the Long Head of the Biceps Tendon: Histopathologic Analysis of the Extra-Articular Biceps Tendon and Tensosynovium. *BMC Musculoskeletal Disorders*. Submitted for publication. |
| 2014 | **Dubrow S**, Streit J, Shishani Y, Muh S, Rodgers M, Gobezie R Histopathologic Analysis of Extra-Articular Biceps Tendon and Tenosynovium, Paper Presentation # 134, *2014 Annual Meeting of the American Academy of Orthopaedic Surgeons*, New Orleans, LA, March 12, 2014 |
| 2014 | **Dubrow S**, Gobezie R. Arthroscopic Total Shoulder Resurfacing with Osteochondral Graft. *Journal of Medical Insight*. March 1, 2014 http://www.jomi.com/article/1/Arthroscopic-Total-Shoulder-Resurfacing-with-Osteochondral-Allograft |
| 2014 | **Dubrow S**, Streit J, Shishani Y, Robbin M, Gobezie R. Diagnostic Accuracy in Detecting Tears in the Proximal Biceps Tendon Using Standard Non-Enhancing Shoulder MRI. *Open Access Journal of Sports Medicine*. 2014:5, 81-87 |
| 2014 | Streit J, Muh S, **Dubrow S**, Shishani Y, Nowinski R, Gobezie R. Biologic Resurfacing of the Glenoid with Humeral Head Resurfacing for Glenohumeral Arthritis in the Young Patient. *J Shoulder and Elbow Surg*. 2014 Jan 16. S1058-2746(13)00576-4 |
| 2013 | **Dubrow S**, Noel C, Bell R. Anterior Shoulder Instability Repair and |

Reconstruction: Bone Defects, An Algorithm. *Operative Techniques in Sports Medicine*. 2013; 21:225-231

2013 **Dubrow S**, Streit J, Shishani Y, Muh S, Rodgers M, Gobezie R Tendinopathy of the Long Head of the Biceps Tendon: Histopathologic Analysis of Extra-Articular Biceps Tendon and Tenosynovium, 2013 Closed Meeting of the American Shoulder and Elbow Surgeons (ASES), Las Vegas, NV

2013 **Dubrow S**, Gobezie R. Alternative Options to Traditional Shoulder Replacement: Arthritis in the Young Patient. *Current Orthopaedic Practice*. 2013; 24(4): 370-5

2013 **Dubrow S**, Shishani Y, Gobezie R. Arthroscopic Alternatives to Total Shoulder Arthroplasty. *Seminars in Arthroplasty*. March 2013; 24: 2 – 7.

2012 Garret J, **Dubrow S**, Godeneche A, Levigne C, Neyton L, Grosclaude S, Walch G. Non-fixed Pryocarbon Interposition Arthroplasty: Preliminary Results with 1-3 year follow-up. *Advances in Orthopaedics: Shoulder Issue*.

2011 **Dubrow SA**, Chan C, Penna J, Wang E. Imaging of the rotator cuff using intravascular ultrasound. *Arthroscopy Association of America 30th Annual Meeting*. Electronic Poster Presentation. San Francisco, CA, April 14-17, 2011

2010 Miller S, **Dubrow S**, Wang E, Hadjiargyrou M. The humeral response of traumatic brain injury and its effect on bone healing. *NIH grant awarded.*

2010 Chan C, **Dubrow S**, Friedman M, Penna J, Wang E. Intraoperative imaging of rotator cuff tears. *Stony Brook University Medical Center Annual Research Journal* 2010, 5: 5-8.

2007 **Dubrow SA**, Hruby PM, Akhter MP. Gender specific LRP5 influences on trabecular bone structure and strength. *J Musculoskelet Neuronal Interact* 2007; 7(2):166-173.

2005 **Dubrow SA**, Akhter MP. LRP5 gene influences on femoral bone structure and strength. *36th Midwest Student Biomedical Research Forum*, Oral Presentation, Fourth Place Award, Omaha, NE

2004 - 2006 LRP5 Gene Influences on Structure and Strength in Femoral Trabecular and Cortical Bone. Direction provided by Mohammed Akhter, PhD. Osteoporosis Research Center, Creighton University Medical Center.

**<u>Continued Education/Meetings Attended</u>**

2019 AAOS Annual Meeting, March, Las Vegas, NV
2017 AAOS Annual Meeting, March, San Diego, CA
2016 AAOS Annual Meeting, March 1-5, Orando, FL
2015 AAOS Annual Meeting, March 24-28, Las Vegas, NV
2014 AAOS Annual Meeting, March 11-15, Morial Convention Center, New Orleans,LA
2013 AAOS Annual Meeting, March 19-23, McCormick Place, Chicago, IL
2012 AAOS Annual Meeting, February 7-11, The Moscone Center, San Franciso, CA

2019 ASES Open Meeting, March, Las Vegas, NV
2017 ASES Closed Meeting, October, New Orleans, LA
2017 ASES Specialty Day Meeting, March, San Diego, CA
2016 ASES Specialty Day Meeting, March 5, 2016, Orlando, FL

2015 ASES Specialty Day Meeting, March 28, 2015, Las Vegas, NV
2014 ASES Open Meeting, March 15, 2014, New Orleans, LA
2013 ASES: An International Perspective, October 12, 2013, Las Vegas NV
2013 ASES Open Meeting, March 23, 2013, Chicago, IL
2012 ASES Open Meeting, February 11, 2012, San Francisco, CA

2016 AANA 503 Mission Possible for Today's Shoulder Surgeon: A New Standard for a
      New Century, OLC Education  & Conference Center, Rosemont, Illinois
2014 AANA Fall Meeting, Nov 6-8, JW Marriott Desert Springs, Palm Dessert, CA
2011 AANA 30th Annual Meeting, San Francisco, CA

2011 State of the Art Shoulder Arthroplasty: Expanding Indications and Techniques,
      November 5, 2011, NYU Hospital for Joint Diseases